UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| JOSEPH M. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CV412-228 |
| | ) |
| DONALD C. SUESSMITH JR., | ) |
| HOUSEHOLD MORTGAGE, and | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Joseph Thomas has submitted to this Court several papers from what appears to be an ongoing case in the Superior Court of Chatham County, Georgia. (Doc. 1 (includes a motion to dismiss by Bank of America, Thomas's response, and some of his discovery materials).) It is unclear what he hopes to do here. He certainly has not filed anything that even approaches a complaint within the meaning of Federal Rules of Civil Procedure 7 or 8. Since the first page notes that he consents to jurisdiction by a United States District Judge, perhaps he hopes to remove the case to this Court. (*Id.* 1 at 1-2.) Removal, however, may only be pursued by the parties defending a suit.

28 U.S.C. § 1441 (authorizing *defendant* to remove cases to federal court if there is a federal question or diversity jurisdiction); 14B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3721 (4th ed. 2012) ("Federal jurisdiction can be invoked upon removal only by a defendant. A plaintiff cannot remove a state court action even when he or she could have commenced the action in a federal court, or has to defend against a counterclaim.").

Perhaps the state case ended badly for him and he hopes to appeal to this Court -- he filed a motion to proceed *in forma pauperis* on *appeal*. (Doc. 2.) Again, he may not proceed in such a manner, since federal district courts do not act as appellate courts over state tribunals. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts." *Talley v. Columbus, Georgia Housing Auth.*, 402 F. App'x 463, 464 (11th Cir. 2010); *Liedel v. Juvenile Ct. of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Instead,

such dissatisfied litigants must appeal through the state system and ultimately to the United States Supreme Court. *Leidel*, 891 F.2d at 1545.

The Court **GRANTS** his motion to proceed *in forma pauperis* (doc. 2), but this case should be **DISMISSED**, per Fed. R. Civ. P. 12(h)(3), for failing to offer any basis for federal jurisdiction. Alternatively, it should be dismissed for his failure to state a claim for relief. 28 U.S.C. § 1915(e)(2)(B).

**SO REPORTED AND RECOMMENDED** this 22nd day of October, 2012.

```
                              /s/ G.R. Smith
                              UNITED STATES MAGISTRATE JUDGE
                              SOUTHERN DISTRICT OF GEORGIA
```